

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 12, 1973

Honorable H. Q. Sibley, D. V. M.
Executive Director
Texas Animal Health Commission
1020 Sam Houston State Office Building
Austin, Texas 78701

Opinion No. H- 148

Re: The requirement that
brucellosis infected
cattle be branded and
slaughtered. Article
1525b, § 23A, V. T.P.C.

Dear Dr. Sibley:

You have asked whether the Texas Animal Health Commission can require slaughter of brucellosis diseased animals within fifteen days of their designation as a "reactor."

Section 23A of Article 1525b, Vernon's Texas Penal Code, provides:

"(1) Purpose. It is the purpose of this Section to bring about the effective control and eventual eradication of bovine brucellosis in the State of Texas and to accomplish that purpose in the most effective, practical, and expeditious manner.

" . . . .

"(18) Should evidence of infection be disclosed in any of the animals required to be tested, such animals that react to the test shall be fire branded with the letter 'B' on the left jaw and such cattle and herds shall be handled in accordance with regulations of the [Texas Animal Health Commission] which shall provide for the issuance of quarantines, the manner, method and system of disposing of reactor cattle, the testing and retesting of infected herds, and the cleaning and disinfection of premises following removal of reactor cattle."

Among the regulations and procedures adopted by the Texas Animal Health Commission is "Plan A - Voluntary Cooperative Agreement for the Control and Eradication of Brucellosis in Bovine Animals." Section II provides in part:

> "2. All animals designated as reactors must be fire branded with the letter 'B' on the left jaw as required by law and disposed of within fifteen (15) days by consigning them for immediate slaughter to establishments maintaining Federal, State or Municipal veterinary post-mortem inspection."

You have informed us that the acceptance of Plan A is a prerequisite to the issuance of a Grade A milk permit by the State Department of Health.

By the express language of the statute, the Legislature empowered the Commission to determine the manner, method and system of disposal of reactor cattle. It is clear that the Legislature has the power to give this authority and discretion to the Commission. Mulkey v. State, 201 S. W. 991 (Tex. Crim. 1918); Attorney General Opinion WW-835 (1960).

We do not believe that the method chosen for the identification and destruction of contaminated cattle is violative of any constitutional protection. See specifically, United States Constitution, Amendment 14; Texas Constitution, Article 1, § § 17 and 19. The exercise of the police power of the State in designating diseased cattle and consigning them for slaughter is not a constitutionally proscribed "taking" or "damaging" of property. Nunley v. Texas Animal Health Commission, 471 S. W. 2d 144 (Tex. Civ.App. San Antonio, 1971, error ref'd, n. r. e.). Likewise, there is no constitutional defect in a procedure which permits summary administrative action subject to later judicial review in the interest of health and safety. North American Cold Storage Co. v. City of Chicago, 211 U. S. 306 (1908); Nunley v. Texas Animal Health Commission, supra.

## SUMMARY

The Texas Animal Health Commission may require the slaughter of brucellosis infected cattle within fifteen days of the determination of infection.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee